# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| **ELROY LADELL RICHMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 16-cv-02403-JDT-tmp |
| ) | |
| **UNITED STATES,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On June 7, 2016, *pro se* plaintiff Elroy Ladell Richman filed a complaint for violations of civil rights under 42 U.S.C. § 1983 against the United States. (ECF No. 1.) The same day, Richman also filed an application to proceed *in forma pauperis*, which the court granted on June 8, 2016. (ECF Nos. 2 & 5.) On June 17, 2016, Richman filed an amended complaint. (ECF No. 6.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. For the following reasons, it is recommended that Richman's original and amended complaints be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

## I. PROPOSED FINDINGS OF FACT

On June 7, 2016, Richman filed a complaint alleging civil rights violations under 42 U.S.C. § 1983. As best as the court can tell, Richman alleges he was wrongfully refused services and wrongfully accused of trespassing at a Regions bank. Richman further alleges "damages of physical and emotional distress and damages to the body" by "government police officers of West Memphis, Arkansas." Richman seeks monetary relief and requests that he be allowed to present his case to the Supreme Court of the United States. (ECF No. 1.)

On June 17, 2016, Richman filed an amended complaint, in which he makes the following allegations:

> Government used technology that I presented to them in Albuquerque, New Mexico VA on manipulation of magnetics and in West Memphis put foreign milk in me in jail and gave me bread that logged naturally in my left chest area of my body. This technology combined with gases from traffic cars collected some metals that was special because my chest began to hurt while it was collecting in me. Government used higher sciences to be able to initiate voice signals out of me from time to time therefore interrupting my speech and has impaired me with devices in my left hip that is not detectable and took partial control over my motor nerves that cause me to react.

In his amended complaint, Richman seeks monetary damages in the amount of $100,000,000 from the United States Department of the Treasury. (ECF No. 6.)

**II. PROPOSED CONCLUSIONS OF LAW**

**A.  Standard of Review**

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket

assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it

would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**B. Failure to State a Claim**

Richman's complaints allege violations of his civil rights under 42 U.S.C. § 1983. "'To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Nouri v. Cnty. of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)). In order to be subject to suit under § 1983, a defendant's actions "must be fairly attributable to the state." Thornton v. Comerica Bank, 510 F. App'x 439, 440 (6th Cir. 2013). "[T]he federal government and its officials are not subject to suit under § 1983," because federal agencies are governed by federal statutes, and "federal officials typically act under color of *federal* law." Haines v. Fed. Motor Carrier Safety Admin., 814 F.3d 417, 429 (6th Cir. 2016) (internal citations and quotation marks omitted) (emphasis in original). Although Richman's complaint seems to allege actions taken by state law enforcement officers, he names the United States as

the sole defendant. Because Richman's § 1983 claims are not brought against any person acting under color of state law, it is recommended that Richman's claims under § 1983 be dismissed for failure to state a claim.

**C.  Sovereign Immunity**

Richman seeks monetary relief against the United States. However, such claims against the United States are barred absent a waiver of sovereign immunity. See United States v. Testan, 424 U.S. 392, 396 (1976) (discussing monetary relief); United States v. Certain Land Situated in City of Detroit, 361 F.3d 305, 307 (6th Cir. 2004) (discussing injunctive relief); Modla v. United States, 779 F.2d 51, at *1 (6th Cir. 1985) (discussing injunctive relief); Morgan v. Hardeman Cnty., Tenn., No. 01-1043, 2002 WL 1397256, at *4 (W.D. Tenn. Feb. 12, 2002) (discussing monetary relief). "A waiver of the sovereign immunity of the United States 'cannot be implied but must be unequivocally expressed.'" Franconia Associates v. United States, 536 U.S. 129, 141 (2002) (quoting United States v. King, 395 U.S. 1, 4 (1969)). Richman has not identified a waiver of sovereign immunity by the federal government that would allow his claims to proceed. Therefore, it is recommended that Richman's claims against the United States be dismissed pursuant to § 1915(e)(2)(B)(iii). See Smith v. Bernanke, 283 F. App'x 356, 358 (6th Cir. 2008) (affirming district court's dismissal

of plaintiff's complaint pursuant to § 1915 because plaintiff did not "identify a waiver of sovereign immunity"); Toledo v. Jackson, 485 F.3d 836, 838 (6th Cir. 2007) (explaining that plaintiffs "must 'identify a waiver of sovereign immunity in order to proceed'") (quoting Reetz v. United States, 224 F.3d 794, 795 (6th Cir. 2000)).

### III. RECOMMENDATION

For the reasons above, it is recommended that Richman's original and amended complaints be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 17, 2016
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**